**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HUMPHREY A. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-230C |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

In accordance with Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that this Court dismiss plaintiff Humphrey A. Taylor's complaint on the grounds that Mr. Taylor has not alleged a claim within this Court's limited jurisdiction upon which relief can be granted. In support of this motion, defendant relies upon Mr. Taylor's complaint and the following brief.

STATEMENT OF THE ISSUE

Whether this Court lacks jurisdiction to enforce a decision of the Equal Employment Opportunity Commission ("EEOC")?

STATEMENT OF THE CASE[1]

Plaintiff alleges that he is an employee of the Department of Homeland Security ("DHS"). Complaint, ¶4. On or about July 15, 2004, an EEOC Administrative Law Judge ("ALJ") issued a decision awarding plaintiff compensatory damages including backpay from June 3, 2001, compensatory damages of $35,000, and immediate promotion to an instructor

[1] For purposes of this motion to dismiss, we assume all facts alleged by Mr. Taylor to be true. We reserve the right to challenge the validity or existence of any and all of these facts at a later date if this Court denies our motion.

position at the Federal Law Enforcement Training Center. Complaint, ¶6. DHS appealed the ALJ's decision to the EEOC's Office of Federal Operations. Complaint, ¶6.

On May 31, 2006, the Office of Federal Operations affirmed the ALJ's decision and award. Complaint, ¶7. On June 30, 2006, DHS filed a motion for reconsideration with the Office of Federal Operations, which was dismissed on August 31, 2006. Complaint, ¶8-9.

In February of 2007, DHS paid the plaintiff his compensatory damages of $35,000, but he alleges that he has not received his back pay, interest or promotion to GS-12. On April 9, 2007, plaintiff filed his complaint seeking to enforce the EEOC decision.

## ARGUMENT

### I. This Court Lacks Jurisdiction To Enforce The EEOC Decision

This Court lacks jurisdiction to hear discrimination claims or enforce EEOC decisions. Taylor v. United States, 73 Fed.Cl. 532, 540 (2006). The Tucker Act, 28 U.S.C. 1491, does not create a substantive right of recovery against the United States; rather, the Act confers jurisdiction upon the Court of Federal Claims when a substantive right exists. United States v. Testan, 424 U.S. 392, 398 (1976); United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983)(en banc), cert. denied, 465 U.S. 1065(1984). The jurisdiction of this Court to entertain claims and to grant relief depends upon the extent to which the United States has waived sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941).

Mr. Taylor alleges that he is seeking in excess of $94,366.00 that he is entitled to as a result of a favorable EEOC decision. Complaint, ¶ 15. Mr. Taylor seeks to enforce that EEOC decision. Complaint, p. 5. Plaintiff's EEOC claim is based upon an alleged violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e - 2000e-17. Congress has

clearly stated, however, that claims of racial discrimination based upon a federal statute may only be brought in United States District Court. Bunch v. United States, 33 Fed. Cl. 337, 341 (1995), aff'd, 78 F.3d 605 (Fed. Cir. 1996)(table).

"Title VII provides for jurisdiction in the United States district courts, but not in the Court of Federal Claims." Taylor, 73 Fed.Cl. at 540 (citing 42 U.S.C. § 2000e-5(f)(3)). Thus a claim premised upon a violation of Title VII must be brought in district court, not in the Court of Federal Claims. The Court of Federal Claims has no jurisdiction over cases brought under Title VII. Osborn v. United States, 47 Fed.Cl. 224, 232 (2000). The Court of Federal Claims also does not have jurisdiction to enforce EEOC decisions. Taylor, 73 Fed.Cl. at 540. Any attempt by this court to resolve plaintiff's discrimination claim would contravene the clear intent of Title VII. Bunch, 33 Fed. Cl. at 341; see also 42 U.S.C. § 2000e-5-(f)(3).

In his complaint, Mr. Taylor alleges that the Court of Federal Claims does have jurisdiction to enforce the EEOC decision pursuant to 28 U.S.C. § 1507. This section authorizes jurisdiction over suits filed pursuant to section 7428 of the Internal Revenue Code of 1986. Section 7428 relates to the initial and continuing classification for tax purposes of 501(c)(3) corporations, private foundations, and private operating foundations. 26 U.S.C. § 7428. Plaintiff's action to enforce an EEOC decision has nothing to do with classification (for tax purposes) of various business organizations. Therefore, the Court should dismiss Mr. Taylor's complaint for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.

CONCLUSION

For the reasons stated above, we respectfully request that this Court grant defendant's motion and dismiss Mr. Taylor's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington D.C. 20530
Tele: (202) 307-0315

Attorneys for Defendant

June 8, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

s/ Robert C. Bigler