**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HUMPHREY A. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-230C |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

In accordance with Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that this Court dismiss plaintiff Humphrey A. Taylor's complaint on the grounds that Mr. Taylor has not alleged a claim within this Court's limited jurisdiction upon which relief can be granted. In support of this motion, defendant relies upon Mr. Taylor's complaint and the following brief.

STATEMENT OF THE ISSUE

Whether this Court lacks jurisdiction to enforce a decision of the Equal Employment Opportunity Commission ("EEOC")?

STATEMENT OF THE CASE

Plaintiff alleges that he is an employee of the Department of Homeland Security ("DHS"). Complaint, ¶4.[1] On or about July 15, 2004, an EEOC Administrative Law Judge ("ALJ") issued a decision awarding plaintiff compensatory damages including back pay from June 3, 2001, compensatory damages of $35,000, and immediate promotion to an instructor position at the Federal Law Enforcement Training Center. Complaint, ¶6. DHS appealed the

---

[1] For purposes of this motion to dismiss, we assume all facts alleged by Mr. Taylor to be true. We reserve the right to challenge the validity or existence of any and all of these facts at a later date if this Court denies our motion.

ALJ's decision to the EEOC's Office of Federal Operations ("OFO"). Complaint, ¶6.

On May 31, 2006, the EEOC's Office of Federal Operations affirmed the ALJ's decision and award. Complaint, ¶7. Specifically, the OFO ordered the DHS to take the following actions:

> 1. The agency shall appoint complainant to the Supervisory Border Patrol Agent, GS-1896-12, position in Charleston, South Carolina, or other locations agreeable to complainant, retroactive to June 3, 2001, with relocation expenses.
>
> 2. The agency shall determine the appropriate amount of back pay, with interest, and other benefits due complainant for the period from June 3, 2001, pursuant to 29 C.F.R. § 1614.501, and tender that amount to Complainant, no later than sixty (60) calendar days after the date this decision becomes final. The complainant shall cooperate in the agency's efforts to compute the amount of back pay and benefits due, and shall provide all relevant information requested by the agency.
>
> 3. The agency shall tender to complainant non-pecuniary compensatory damages in the amount of $35,000.00.
>
> 4. Within sixty (60) calendar days after the date that this decision becomes final, the agency shall take corrective, curative and preventive action to ensure that discrimination does not recur. This includes, but is not limited to, training for the relevant management officials regarding their responsibilities with respect to eliminating discrimination in the federal workplace.

Complaint, at 2-3, Ex. C-2 at 3. On June 30, 2006, DHS filed a motion for reconsideration with the Office of Federal Operations, which was dismissed on August 31, 2006. Complaint, ¶8-9.

Plaintiff seeks to enforce the first two items listed in the OFO's order namely: (1) promotion to Supervisory Border Patrol Agent, GS-1896-12, position in Charleston, South Carolina, or other locations agreeable to complainant; and (2) appropriate amount of back pay, with interest, and other benefits due complainant. With respect to the third item listed in the OFO order, plaintiff admits in his complaint that in February of 2007, DHS paid the plaintiff the compensatory damages of $35,000. Complaint ¶ 11. Plaintiff alleges that he has not received

"his back pay with interest or his promotion to GS-12." Id. On April 9, 2007, plaintiff filed his complaint seeking to enforce the EEOC decision.

Plaintiff's counsel represented during the telephonic status conference with the Court held on June 13, 2007, that plaintiff has since been promoted to a GS-12 Supervisory Border Patrol Agent position, which would appear to moot Mr. Taylor's request that the Court order his promotion. Mr. Taylor has not yet amended his complaint to state that he has received the promotion. In any event, although our argument below primarily addresses the "back pay" allegation, the legal authority relied upon would preclude this Court's consideration of Mr. Taylor's request that this Court order his promotion.

Further, with respect to Mr. Taylor's "back pay" claim, and in response to the Court's request made during the June 13, 2007 status conference, and contained in the June 13, 2007 order, we have attempted to ascertain the status, if any, of any "back pay" payments to be paid to Mr. Taylor. According to agency representatives familiar with the processing of these "back pay" adjustments, Mr. Taylor has already received payments representing "back pay" adjustments for the one-year period immediately preceding his promotion to the GS-12 Supervisory Border Patrol Agent position, i.e., from April 2006, through April 2007. The agency is presently processing additional back payments covering the period June 3, 2001, through the date upon which Mr. Taylor has already received "back pay" adjustments. Unfortunately, the processing of these payments has been affected by the fact that the Department of Homeland Security did not exist during part of this period. Consequently, two different processing centers are involved in the back pay calculations, which are continuing.

ARGUMENT

I. Legal Standard For Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). The burden is on the plaintiff to establish jurisdiction. Markey v. U.S., 27 Fed. Cl. 615, 620 (1993) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Pasco Enters. V. United States, 13 Cl. Ct. 302, 305 (1987); Metzger, Shadyac & Schwartz v. United States, 10 Cl. Ct. 107, 109 (1986)); Wilson v. United States, 58 Fed. Cl. 760, 761 (2003), aff'd, 405 F.3d 1002 (Fed. Cir. 2005). However, the Court must accept as true the facts alleged in the complaint and must construe such facts in the light most favorable to the pleader. Id. at 762.

Determination of jurisdiction "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)). Conclusory allegations of law and unwarranted inferences of fact "do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998). As a result, a complaint can properly be dismissed when plaintiff has failed to prove that this Court has subject matter jurisdiction.

II. This Court Lacks Jurisdiction To Enforce The EEOC Decision

As a court of limited jurisdiction, this Court possesses only those powers awarded by the Constitution and statutes, and those powers cannot be expanded by judicial decree. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). It is presumed that

a cause lies outside this Court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id.

A. Jurisdiction In This Court Requires A Money-mandating Basis

The jurisdiction of this Court to entertain claims and to grant relief depends upon the extent to which the United States has waived sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). This Court possesses jurisdiction to entertain certain actions pursuant to the Tucker Act. The Tucker Act waives the United States' sovereign immunity for actions "founded either upon the Constitution, or any Act of Congress or any regulations of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . ." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, does not create a substantive right to recovery against the United States. United States v. Testan, 424 U.S. 392, 398-99 (1976). Instead, a claim for money damages must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Id. at 401-02.

B. The Jurisdiction Of This Court May Be Pre-empted

This Court's Tucker Act jurisdiction may be pre-empted where there is a comprehensive, precisely-drawn statutory scheme providing for judicial review of the matter in another forum. See Wilson v. United States, 405 F.3d 1002, 1015 (Fed. Cir. 2005). In the past, this Court has recognized that Title VII is such a comprehensive, precisely-drawn statutory scheme that provides judicial review of Federal employees' discrimination claims in district court. Lee v. United States, 33 Fed. Cl. 374, 378 (1995) (citing Brown v. General Servs. Admin., 425 U.S. 820, 829 (1976)). Under Title VII, a Federal employee may file his or her discrimination claim

in Federal district court once all administrative remedies have been exhausted. 42 U.S.C. §§ 2000e-5, e-16. Accordingly, this Court lacks jurisdiction to entertain basic Title VII claims, and exclusive jurisdiction over those claims rests with the district court. Taylor v. United States, 73 Fed. Cl. 532, 540 (2006).

In Taylor, the plaintiff filed a complaint with the Court of Federal Claims alleging that he was entitled to back pay as a result of a favorable EEOC decision. The favorable EEOC decision was the result of plaintiff's complaint of racial discrimination which he brought pursuant to Title VII. The Court dismissed the claim for lack of subject matter jurisdiction because "Title VII provides for jurisdiction in the United States district court, but not in the Court of Federal Claims." Taylor, 73 Fed. Cl. at 540 (citing 42 U.S.C. § 2000e-5(f)(3)).

C. This Court Does Not Possess Jurisdiction Over Mr. Taylor's Claim To Enforce The EEOC Decision

Similar to the plaintiff in Taylor, here, Mr. Taylor alleges that he is seeking over $94,366.00 in back pay that he claims he is entitled to as a result of a favorable EEOC decision. Complaint, ¶ 15.[2] That Mr. Taylor seeks to enforce the EEOC decision is clearly stated in the prayer of his complaint in which he states "the Complainant prays that this Court find that the Respondent has failed to make the Complainant whole as ordered by the EEOC's OFO decision dated May 31, 2006." Complaint, p. 5. Plaintiff's EEOC claim is based upon an alleged

[2] As noted in our Statement Of The Case, the complaint also sought enforcement of the EEOC's order that Mr. Taylor be promoted. During the June 13, 2007 status conference, Mr. Taylor's counsel indicated that Mr. Taylor received his promotion. Thus, it would appear Mr. Taylor's request that this Court order his promotion is moot. Assuming that Mr. Taylor's promotion request is not moot, this Court does not possess jurisdiction to enforce the EEOC's order to promote him for the same reasons discussed in our motion concerning Mr. Taylor's claim for enforcement of the EEOC's back pay order.

violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e - 2000e-17. Congress has clearly stated, however, that claims of racial discrimination based upon a federal statute may only be brought in United States District Court. Bunch v. United States, 33 Fed. Cl. 337, 341 (1995), aff'd, 78 F.3d 605 (Fed. Cir. 1996)(table).

Thus a claim premised upon a violation of Title VII must be brought in district court, not in the Court of Federal Claims. The Court of Federal Claims has no jurisdiction over cases brought under Title VII. Osborn v. United States, 47 Fed. Cl. 224, 232 (2000). The Court of Federal Claims also does not have jurisdiction to enforce EEOC decisions seeking back pay and other relief. Taylor, 73 Fed. Cl. at 540; Montalvo v. United States, 17 Cl. Ct. 744 (1989) ("any jurisdiction this court may have had over back pay claims based on racial discrimination has been divested by the Equal Employment Act of 1972." quoting Clark v . United States, 212 Ct. Cl. 590 (1977)). Any attempt by this court to resolve plaintiff's discrimination claim would contravene the clear intent of Title VII. Bunch, 33 Fed. Cl. at 341; see also 42 U.S.C. § 2000e-5-(f)(3).

Plaintiff has not met his burden of proving that this Court has subject matter jurisdiction. In his complaint, Mr. Taylor alleges that the Court of Federal Claims does have jurisdiction to enforce the EEOC decision pursuant to 28 U.S.C. § 1507. This section authorizes jurisdiction over suits filed pursuant to section 7428 of the Internal Revenue Code of 1986. Section 7428 relates to the initial and continuing classification for tax purposes of 501(c)(3) corporations, private foundations, and private operating foundations. 26 U.S.C. § 7428. Plaintiff's action to enforce an EEOC decision has nothing to do with classification (for tax purposes) of various business organizations.

D. This Court Does Not Possess Jurisdiction Over A Claim Based Solely Upon The Back Pay Act

While plaintiff has not provided any other basis for jurisdiction, it is worth noting that the Back Pay Act, 5 U.S.C. § 5596, also cannot be the basis of jurisdiction. The Back Pay Act is not a jurisdictional statute. Taylor, 73 Fed. Cl. at 540, fn. 14 (citing Spagnola v. Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984)). "Unless some other provision of law commands payment of money to the employee for the 'unjustified or unwarranted personnel action,' the Back Pay Act is inapplicable." Markey, 27 Fed. Cl. at 621 (citing Spagnola v. Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984)). As a result, plaintiff must point to some other money mandating statute as the basis of jurisdiction.

In this case, the money mandating statute is Title VII, which specifically provides for jurisdiction in the United States district courts, but not in the Court of Federal Claims. See Taylor 73 Fed.Cl. at 540, fn. 14; 42 U.S.C. § 2000e-5-(f)(3). Although this Court has entertained actions involving the alleged breach of a settlement agreement that addressed a Title VII claim, this case does not present such a claim. Westover v. United States, 71 Fed. Cl. 635, 640 (2006); but see Griswold v. United States, 61 Fed. Cl. 458, 463 (2004). Therefore, the Court should dismiss Mr. Taylor's complaint for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, we respectfully request that this Court grant defendant's motion and dismiss Mr. Taylor's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington D.C. 20530
Tele: (202) 307-0315

Attorneys for Defendant

June 19, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

s/ Martin F. Hockey, Jr.