**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HUMPHREY A. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-230C |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS

Pursuant to Rule 7.2 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to "Plaintiff Response to the Defendant's Motion to Dismiss." In our motion to dismiss, we demonstrated that plaintiff's complaint should be dismissed for lack of jurisdiction because this Court does not have jurisdiction to enforce decisions of the Equal Employment Opportunity Commission ("EEOC").

INTRODUCTION AND STATEMENT OF THE CASE

Plaintiff argues that this Court has jurisdiction to enforce EEOC decisions. Yet plaintiff fails to cite a single case that supports his position. Instead, plaintiff attempts to distinguish some of the cases relied upon by the Government by citing other issues discussed in the cases that are not relevant to this case. Moreover, plaintiff completely ignores cases that are both relevant and on point that hold that this Court lacks jurisdiction to enforce EEOC decisions. Plaintiff's selective reading of the authority relied upon by the Government cannot change the fact that this Court lacks jurisdiction to enforce EEOC decisions because exclusive jurisdiction over those claims rests with the district court. Taylor v. United States, 73 Fed.Cl. 532, 540 (2006).

In his original complaint, plaintiff sought to enforce two items ordered by the EEOC's Office of Federal Operations' ("OFO") order namely: (1) promotion to Supervisory Border Patrol Agent, GS-1896-12, position in Charleston, South Carolina, or other locations agreeable to complainant; and (2) appropriate amount of back pay, with interest, and other benefits due complainant. However, on July 20, 2007, plaintiff filed Plaintiff's First Amended Complaint, which is attached as an exhibit to his response to our motion to dismiss.[1] In his amended complaint, plaintiff appears to claim that the GS-12 position that he alleges he should have been appointed to, based upon the decision of the OFO, has "been upgraded to a GS-13" position. Plaintiff's First Amended Complaint (1st Amend. Compl.), ¶11. Plaintiff also attaches to his response an undated memorandum stating that "[t]he last level that I would have reached would have been a [GS-13-step 5]." Plaintiff's Response to the Defendant's Motion to Dismiss, ("PR"), exhibit C-4. Therefore, it appears that plaintiff is claiming that he should be promoted to a GS-13 position rather than a GS-12 position as alleged in his original complaint as ordered by the OFO. Complaint, ¶7. In any event, in both complaints, plaintiff alleges that he has not received "his back pay with interest or his promotion to GS-12."[2] Complaint, ¶11; 1st Amend. Compl., ¶11. As this Court lacks jurisdiction to enforce EEOC decisions, both the original complaint and plaintiff's first amended complaint should be dismissed.

---

[1] In addition to attaching Plaintiff's First Amended Complaint to his response, plaintiff also filed the First Amended Complaint with the Court without first obtaining leave of the Court as required by RCFC Rule 15(a).

[2] Plaintiff's counsel admitted during the telephonic status conference with the Court held on June 13, 2007, that plaintiff has since been promoted to a GS-12 Supervisory Border Patrol Agent position. Yet plaintiff's amended complaint still seeks promotion to a GS-12 (or GS-13) position and he argues for a promotion in his response to our motion to dismiss.

ARGUMENT

I. Plaintiff Has Not Established That This Court Possesses Jurisdiction

It is well settled that the burden is on the plaintiff to establish jurisdiction. Markey v. United States, 27 Fed. Cl. 615, 620 (1993) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Pasco Enters. V. United States, 13 Cl.Ct. 302, 305 (1987); Metzger, Shadyac & Schwartz v. United States, 10 Cl.Ct. 107, 109 (1986)); Wilson v. United States, 58 Fed. Cl. 760, 761 (2003), aff'd, 405 F.3d 1002 (Fed. Cir. 2005). Plaintiff has not met his burden of proving that this Court has subject matter jurisdiction.

In his twenty-one page response, Mr. Taylor simply argues that the Court of Federal Claims does have jurisdiction to enforce the EEOC decision pursuant to the Tucker Act (28 U.S.C. § 1491), 5 CFR § 550.805, and 29 CFR §§ 1614.501 - 1614.505. As we established in our motion to dismiss, the Tucker Act, however, does not create a substantive right to recovery against the United States. United States v. Testan, 424 U.S. 392, 398-99 (1976). Instead, a claim for money damages must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Id. at 401-02. In other words, the constitutional provision, statute or regulation must be money-mandating.

Plaintiff attempts to meet the money-mandating requirement by arguing that "Plaintiff makes a monetary claim pursuant to 5 CFR § 550.805 and 29 CFR §§ 1614.501 - 1614.505." PR at 17. Plaintiff acknowledges that his claim is in fact a Title VII claim stating "Plaintiff is before the Court because the DHS was found liable for engaging in discriminatory practices which Congress prohibited *via Title VII* . . . and both the EEOC and the OFO found the DHS liable to

the Plaintiff, and awarded the Plaintiff compensatory damages in the amount of back and front pay; and, mandated that the DHS promote the Plaintiff to a GS-12." PR at 15 (emphasis original). However, plaintiff's argument completely ignores settled case precedent holding that the Court of Federal Claims also does not have jurisdiction to enforce EEOC decisions seeking back pay and other relief. Taylor, 73 Fed.Cl. at 540; Montalvo v. United States, 17 Cl. Ct. 744, 749 (1989) ("any jurisdiction this court may have had over back pay claims based on racial discrimination has been divested by the Equal Employment Act of 1972." (quoting Clark v. United States, 212 Ct. Cl. 590 (1977))). Any attempt by this court to resolve plaintiff's discrimination claim would contravene the clear intent of Title VII. Bunch v. United States, 33 Fed. Cl. 337, 341 (1995); see also 42 U.S.C. § 2000e-5-(f)(3). In other words, this Court's Tucker Act jurisdiction has been pre-empted with respect to Title VII claims. See Wilson v. United States, 405 F.3d 1002, 1015 (Fed. Cir. 2005); Lee v. United States, 33 Fed. Cl. 374, 378 (1995) (citing Brown v. General Servs. Admin., 425 U.S. 820, 829 (1976)).

Plaintiff continues by arguing that "Plaintiff has a substantive right to his back and front pay as well as to the GS-12 position as mandated by the *Code of Federal Regulations at 5 CFR § 550.805 and 29 CFR §§ 1614.501 - 1614.505*." PR at 18 (emphasis original). While plaintiff may or may not have a substantive right to back and front pay and a promotion to a GS-12 position, that is not the issue. The issue is whether the Court of Federal Claims has jurisdiction to enforce that substantive right or whether plaintiff must file his complaint in the appropriate district court. Under Title VII, a Federal employee may file his or her discrimination claim in Federal district court once all administrative remedies have been exhausted. 42 U.S.C. §§ 2000e-5, e-16. Accordingly, this Court lacks jurisdiction to entertain basic Title VII claims, and

exclusive jurisdiction over those claims rests with the district court. Taylor v. United States, 73 Fed.Cl. 532, 540 (2006).

Plaintiff also argues that because the EEOC has already determined that plaintiff was discriminated against, there is no issue of discrimination for the Court to resolve. PR at 19. Plaintiff argues that he is simply "before the Court seeking relief as to his back and front pay, and promotion to a GS-12 . . . ." PR at 19. Plaintiff also argues that the "Plaintiff has exhausted his administrative remedies." PR at 18. But again, this is not the issue. The issue is whether the Court has jurisdiction and "regardless of whether plaintiff has exhausted his administrative remedies, this [C]ourt does not have jurisdiction over claims stemming from [an] EEOC decision." Taylor, 73 Fed.Cl. at 540.

Plaintiff has not cited a single case supporting his position that the Court of Federal Claims possesses jurisdiction to enforce EEOC decisions. Furthermore, in his response, plaintiff attempts to distinguish Taylor because it relies upon Martinez v. United States, 333 F.3d 1295, 1303-04 (Fed. Cir. 2003). Plaintiff relies upon Martinez for the proposition that "[t]he actions for which the Tucker Act waives sovereign immunity are actions pursuant to contract with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating constitutional provisions, statutes, regulations, or executive orders." Id. But plaintiff completely ignores the holding in Taylor where it decided the exact issue before this Court.

In Taylor, the plaintiff filed a complaint with the Court of Federal Claims alleging that he was entitled to back pay as a result of a favorable EEOC decision. The favorable EEOC decision was the result of plaintiff's complaint of racial discrimination which he brought pursuant to Title

VII. The Court dismissed the claim for lack of subject matter jurisdiction because "Title VII provides for jurisdiction in the United States district court, but not in the Court of Federal Claims." Taylor, 73 Fed.Cl. at 540 (citing 42 U.S.C. § 2000e-5(f)(3)).

Just as the plaintiff in Taylor sought enforcement of an EEOC decision, here, Mr. Taylor alleges that he is seeking over $94,366.00 in back pay, front pay and a promotion that he claims he is entitled to as a result of an EEOC decision. Complaint, ¶ 15. As discussed above and in our motion to dismiss, the Court of Federal Claims does not have jurisdiction to enforce EEOC decisions seeking back pay and other relief. Taylor, 73 Fed.Cl. at 540; Montalvo, 17 Cl. Ct. at 749. Any attempt by this court to resolve plaintiff's discrimination claim would contravene the clear intent of Title VII. Bunch, 33 Fed. Cl. at 341; see also 42 U.S.C. § 2000e-5-(f)(3).

II. This Court Lacks Jurisdiction To Enforce Plaintiff's Claimed Promotion

In addition to back and front pay, plaintiff apparently seeks a promotion to a GS-12 position. PR at 19. Plaintiff's claim for a promotion is outside this Court's jurisdiction. In essence, plaintiff is asking this Court to order DHS to promote plaintiff to a GS-12 position. To the extent plaintiff's demand to be promoted is based upon his discrimination claim, as we have previously established, Title VII provides jurisdiction in the district courts. Taylor, 73 Fed.Cl. At 540.

To the extent plaintiff claims a right to promotion unrelated to his claim of discrimination, jurisdiction is lacking in this case, as the Civil Service Reform Act, 5 U.S.C. §1101 et seq., provides the exclusive remedy. See United States v. Fausto, 484 U.S. 439, 455, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (there is no right of review in the Court of Federal Claims under the Tucker Act or the Back Pay Act of an employment claim for which administrative or

judicial review is precluded by the Civil Service Reform Act.).

Moreover, plaintiff now appears to claim that he is entitled to a promotion to a GS-13 position because other instructors have now been promoted to GS-13 positions. Such a request would require the Court to interpret the EEOC decision and hear evidence regarding whether plaintiff should be promoted to a GS-13. In essence, plaintiff's request for a promotion to a GS-13 position would require the Court to decide issues of personnel qualification which are outside this Court's jurisdiction. As established above with regard to plaintiff's GS-12 claim, his exclusive remedy for his GS-13 claim is provided by the CSRA. Fausto, 484 U.S. at 455; see also Bunch, 33 Fed. Cl. at 341.

CONCLUSION

For the reasons stated above, as well as those contained in our motion to dismiss, we respectfully request that this Court grant defendant's motion and dismiss Mr. Taylor's complaint.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington D.C. 20530
Tele: (202) 307-0315

Attorneys for Defendant

August 3, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

s/ Robert C. Bigler