**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**717 Madison Place, NW, Room 101**
**Washington, DC 20005**

| | | |
|---|---|---|
| **HUMPHREY A. TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **- v. -** | ) | **No. 07-230C (Judge Horn)** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | **August 21, 2007** |
| **Defendant.** | ) | |

**PLAINTIFF'S SUR-REPLY TO THE DEFENDANT'S REPLY TO THE PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS**

***Comes now*** the Plaintiff Humphrey A. Taylor, through his undersigned counsel to formally file a sur-reply to the Defendant's reply to the Plaintiff's opposition to the Government's motion to dismiss.

***Introduction and Statement of the Case*:**

The Plaintiff is before the Court on his claim to enforce his award granted by the US Equal Employment Opportunity Commission's (EEOC) decision holding the US Department of Homeland Security (DHS) liable for discriminating against the Plaintiff. The procedural history reflects that the Defendant has failed to timely and correctly pay the Plaintiff pursuant to *5 CFR § 550.805, Back pay Computations* and *29 CFR § 1614.501—.505, Remedies and Relief*. The Plaintiff is before the Bar on his claim to be compensated pursuant to the regulations at *5 CFR § 550.805* and *29 CFR § 1614.501—.505*. There is no issue of discrimination that the Plaintiff is seeking the Court to adjudicate.

***Government's Arguments***

The Government commences its bogus argument by stating that the Plaintiff

failed to support its initial reply by not citing any case law in support of the Plaintiff's arguments. The fact is that the Plaintiff cited the Government's own case law does not support the Government's contentions. For example at p. 18 of the Plaintiff's initial response, he cites *Taylor v. US*, at 73 Fed. Cl. 532 and *Martinez v. US*, at 333 F3d 1295, 1303-04 (Fed. Cir. 2003), where this Court held that:

> *The actions for which the Tucker Act waives sovereign immunity are actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and* ***actions brought pursuant to money-mandating*** *constitutional provisions, statutes,* ***regulations, or executive orders****.* (***Emphasis added***).

Before the Bar, the Government's motion to dismiss and its reply ignores the fact that the Plaintiff is bringing a claim for monetary damages for which the Government is liable and the Government has failed to pay pursuant to *5 CFR § 550.805* and *29 CFR § 1614.501—.505*.

The current case law cited by the Government in both its motion to dismiss as well as its response rest on case law not centered on the facts that: (a) the *Tucker Act* at *Title 28 USC § 1491*, specifically provides that this Court exercise jurisdiction over claims where the *CFRs* supports a plaintiff's claim(s)—

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or ***any regulation of an executive department***, or upon any express or implied contract with the United States....(***Emphasis added***).

and, (b) the Plaintiff's claims are supported by the fact that the Government refuses to comply with its own promulgated regulations at *5 CFR § 550.805* and *29 CFR §*

*1614.501—.505.*

The Government's regulation at *5 CFR § 550.805*, specifically provides that:

> (a) When an appropriate authority corrects or directs the correction of an unjustified or unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due an employee—
>
> (1) The employee shall be deemed to have performed service for the agency during the period covered by the corrective action; and
>
> (2) The agency shall compute for the period covered by the corrective action the pay, allowances, and differentials the employee would have received if the unjustified or unwarranted personnel action had not occurred.

The Government's regulation at *29 CFR § 1614.501,* specifically provides that:

> (c) Relief for an employee. When an agency, or the Commission, finds that an employee of the agency was discriminated against, the agency shall provide relief, which shall include, but need not be limited to, one or more of the following actions:
>
> (1) Nondiscriminatory placement, with back pay computed in the manner prescribed by 5 CFR 550.805, unless clear and convincing evidence contained in the record demonstrates that the personnel action would have been taken even absent the discrimination. Interest on back pay shall be included in the back pay computation where sovereign immunity has been waived. The back pay liability under title VII or the Rehabilitation Act is limited to two years prior to the date the discrimination complaint was filed.
>
> (2) If clear and convincing evidence indicates that, although discrimination existed at the time the personnel action was taken, the personnel action would have been taken even absent discrimination, the agency shall

> nevertheless eliminate any discriminatory practice and ensure it does not recur.

The facts presented by both the Plaintiff and the Government clearly reflects that the Government failed to comply with the specific mandated language of its own promulgated regulations. The Government admitted that it has failed to make the Plaintiff whole as mandated by its own regulation due to two pay centers being involved, pre and post September 11, 2001. However, the Government's excuse is lame in light of the Government's own promulgated regulations at *5 CFR § 550.805* and *29 CFR § 1614.501—.505*. The Government admits that it failed to comply with its own promulgated regulations and that it was not until the Plaintiff instituted his cause of action before this Court that the Government even attempted to comply with the specific mandated language of the EEOC's Administrative Law Judge's (ALJ) decision and the Office of Federal Operations (OFO) affirmation of the EEOC's ALJ's decision and the Government's regulations at *5 CFR § 550.805* and *29 CFR § 1614.501—.505*.

Effectively, the Government's arguments and actions are contrary to the specific expressed mandatory language of the Government's own promulgated regulations at *5 CFR § 550.805* and *29 CFR § 1614.501—.505*.

Before the Bar, the Plaintiff's claims for relief are analogous to this Court's jurisdiction over settlement agreement stemming from EEOC complaints that are settled *via* an ***agreement***, where this Court applies the specific express language of the *Tucker Act* in reference to "settlement agreements". The Government's *CFRs* speak for themselves; and, they support the Plaintiff's claims before this Court.

The Government attempts to sway the Court by arguing that it cited case law in support of its position and that the Plaintiff failed to cite any case law in support of the Plaintiff's argument. This argument is a "straw man's issue" in light of the fact that the Plaintiff's relief is directly addressed by the Government's own regulations at *5 CFR § 550.805* and *29 CFR § 1614.501—.505*.

WHEREFORE, premises considered, the Plaintiff respectfully requests that the Court exercise its jurisdiction pursuant to the *Tucker Act* and *5 CFR § 550.805* and *29 CFR § 1614.501—.505*, and set the Plaintiff's claim for a hearing on the merits of his claims.

Respectfully submitted,

/s/Lorenzo W. Tijerina
Lorenzo W. Tijerina, Attorney *for*
The Plaintiff, Humphrey A. Taylor
1911 Guadalupe Street
San Antonio, Texas 78207
Telephone No.(210) 231-0112
Facsimile No. (210) 212-7215

***Certificate of Service***

I hereby certify that on August 21, 2007, a copy of the foregoing Plaintiff's Sur-Reply to the Defendant's Reply to the Plaintiff's Opposition to the Governments motion to dismiss. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Lorenzo W. Tijerina
Lorenzo W. Tijerina, Attorney