**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HUMPHREY A. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-230C |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S SUR-REPLY TO THE DEFENDANT'S REPLY
TO THE PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS

Pursuant to Court's orders of August 24, 2007 and August 30, 2007, defendant, the United States, respectfully submits this response to "Plaintiff's Sur-Reply to the Defendant's Reply to the Plaintiff's Opposition to the Government's Motion to Dismiss." Defendant also addresses plaintiff's sur-reply in light of the fact that the Court has allowed plaintiff to file his first amended complaint which was deemed filed as of July 20, 2007. In our motion to dismiss and our reply brief, we demonstrated that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because this Court does not possess jurisdiction to enforce decisions of the Equal Employment Opportunity Commission ("EEOC").

INTRODUCTION

In his sur-reply, plaintiff, again, argues that this Court has jurisdiction to enforce EEOC decisions. Similar to his opposition, plaintiff relies only upon the Tucker Act, 28 U.S.C. § 1491, and 5 CFR § 550.805, and 29 CFR §§ 1614.501 - 1614.505, and completely ignores the settled case law relied upon by the Government in our motion to dismiss and reply brief, which holds that this Court lacks jurisdiction to enforce EEOC decisions because exclusive jurisdiction over

those claims rests with the district court. See, e.g., Taylor v. United States, 73 Fed. Cl. 532, 540 (2006).

In his original complaint, plaintiff sought to enforce two items ordered by the EEOC's Office of Federal Operations' ("OFO") order namely: (1) promotion to a Supervisory Border Patrol Agent, GS-1896-12, position in Charleston, South Carolina, or other locations agreeable to complainant; and (2) appropriate amount of back pay, with interest, and other benefits due complainant. However, on July 20, 2007, plaintiff filed Plaintiff's First Amended Complaint. In his amended complaint, plaintiff appears to claim that the GS-12 position that he alleges he should have been appointed to, based upon the decision of the OFO, has "been upgraded to a GS-13" position. Plaintiff's First Amended Complaint (1st Amend. Compl.), ¶11. Plaintiff also attaches to his response an undated memorandum stating that "[t]he last level that I would have reached would have been a [GS-13-step 5]." Plaintiff's Response to the Defendant's Motion to Dismiss, ("PR"), exhibit C-4. Therefore, it appears that plaintiff is claiming that he should be promoted to a GS-13 position rather than a GS-12 position as alleged in his original complaint as ordered by the OFO. Complaint, ¶7.

In any event, in both complaints, plaintiff alleges that he has not received "his back pay with interest or his promotion to GS-12."[1] Complaint, ¶11; 1st Amend. Compl., ¶11. In his amended complaint, plaintiff repeatedly relies on 5 CFR § 550.805 and 29 CFR §§ 1614.501 - .505 as the basis for jurisdiction in this Court. Amend. Complaint, ¶¶ 1, 2, 6, 11, 12, 13, 14, and

---

[1] Plaintiff's counsel admitted during the telephonic status conference with the Court held on June 13, 2007, that plaintiff has since been promoted to a GS-12 Supervisory Border Patrol Agent position. Yet plaintiff's amended complaint still seeks promotion to a GS-12 (or GS-13) position and he argues for a promotion in his response to our motion to dismiss.

prayer. As this Court lacks jurisdiction to enforce EEOC decisions, both the original complaint and plaintiff's first amended complaint should be dismissed.

## ARGUMENT

### I. Plaintiff Has Not Established That This Court Possesses Jurisdiction

Plaintiff has not met his burden of proving that this Court possesses subject matter jurisdiction. Markey v. United States, 27 Fed. Cl. 615, 620 (1993) ("The burden is on the plaintiff to establish jurisdiction.") (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). In his sur-reply, Mr. Taylor simply argues that the Court of Federal Claims possesses jurisdiction to enforce the EEOC decision pursuant to the Tucker Act, 28 U.S.C. § 1491, and 5 CFR § 550.805, and 29 CFR §§ 1614.501 - 1614.505. As we established in our motion to dismiss, the Tucker Act, however, does not create a substantive right to recovery against the United States. United States v. Testan, 424 U.S. 392, 398-99 (1976). Instead, a claim for money damages must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Id. at 401-02. In other words, the constitutional provision, statute or regulation must be money-mandating.

Plaintiff attempts to meet the money-mandating requirement by arguing that "Plaintiff's claims are supported by the fact that the Government refuses to comply with its own promulgated regulations at 5 CFR § 550.805 and 29 CFR §§ 1614.501 - .505."[2] Plaintiff's Sur-

[2] 5 CFR § 550.805 deals with the computation of back pay and 29 CFR §§ 1614.501 - .505 deals with EEOC remedies, but neither of these regulations address the basis of our motion to dismiss which is whether the Court of Federal Claims possesses jurisdiction to enforce EEOC decisions.

Reply ("PSR") at 2-3. Plaintiff also argues that "[t]here is no issue of discrimination that the Plaintiff is seeking the Court to adjudicate." PSR at 1. Yet, plaintiff's argument completely ignores settled precedent holding that the Court of Federal Claims does not possess jurisdiction to enforce EEOC decisions seeking back pay and other relief. Taylor, 73 Fed. Cl. at 540; Montalvo v. United States, 17 Cl. Ct. 744, 749 (1989) ("any jurisdiction this court may have had over back pay claims based on racial discrimination has been divested by the Equal Employment Act of 1972.") (quoting Clark v. United States, 212 Ct. Cl. 590 (1977)). Any attempt by this Court to resolve plaintiff's discrimination claim would contravene the clear intent of Title VII. Bunch v. United States, 33 Fed. Cl. 337, 341 (1995); see also 42 U.S.C. § 2000e-5-(f)(3). In other words, this Court's Tucker Act jurisdiction has been pre-empted with respect to Title VII claims. See Wilson v. United States, 405 F.3d 1002, 1015 (Fed. Cir. 2005); Lee v. United States, 33 Fed. Cl. 374, 378 (1995) (citing Brown v. General Servs. Admin., 425 U.S. 820, 829 (1976)).[3]

Plaintiff continues by arguing that the "Government admitted that it has failed to make the Plaintiff whole as mandated by its own regulations . . . ." PSR at 4. Even if plaintiff has a substantive right to back and front pay and a promotion to a GS-12 position, that is not the issue. The issue is whether the Court of Federal Claims has jurisdiction to enforce such substantive right or whether plaintiff must file his complaint in the appropriate district court. Under Title

---

[3] Plaintiff also attempts to argue that "Plaintiff's claims for relief are analogous to this Court's jurisdiction over settlement agreements stemming from EEOC complaints that are settled *via* ***agreement*** . . . ." PSR at 4. However, in his opposition, plaintiff argued the exact opposite representing that "[b]efore the Bar, there is no breach of a settlement agreement at issue. The issue is DHS' failure to comply with promotion and pay issues as mandated by the [CFR] . . . ." Plaintiff's opposition at 18. While the Court may have jurisdiction to enforce some settlement agreements, Taylor, 73 Fed.Cl. at 540, plaintiff is attempting to enforce an EEOC decision, not a settlement agreement, which, as demonstrated above, the Court lacks jurisdiction to enforce.

VII, a Federal employee may file his discrimination claim in Federal district court once all administrative remedies have been exhausted. 42 U.S.C. §§ 2000e-5, e-16. Accordingly, this Court lacks jurisdiction to entertain Title VII claims, and exclusive jurisdiction over those claims rests with the district court. Taylor, 73 Fed.Cl. at 540. In sum, plaintiff has not cited a single case supporting his position that the Court of Federal Claims possesses jurisdiction to enforce EEOC decisions.

II. This Court Lacks Jurisdiction To Enforce Plaintiff's Claimed Promotion

In addition to back and front pay, plaintiff apparently seeks a promotion to a GS-12 position. PR at 19. Plaintiff's claim for a promotion is outside this Court's jurisdiction. In essence, plaintiff is asking this Court to order DHS to promote plaintiff to a GS-12 position. To the extent plaintiff's demand to be promoted is based upon his discrimination claim, as we have previously established, Title VII provides jurisdiction in the district courts. Taylor, 73 Fed.Cl. At 540.

To the extent plaintiff claims a right to promotion unrelated to his claim of discrimination, jurisdiction is lacking in this case, as the Civil Service Reform Act, 5 U.S.C. §1101 et seq., provides the exclusive remedy. See United States v. Fausto, 484 U.S. 439, 455, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (there is no right of review in the Court of Federal Claims under the Tucker Act or the Back Pay Act of an employment claim for which administrative or judicial review is precluded by the Civil Service Reform Act.).

Moreover, plaintiff now appears to claim in his amended complaint that he is entitled to a promotion to a GS-13 position because other instructors have now been promoted to GS-13 positions. Such a request would require the Court to interpret the EEOC decision and hear

evidence regarding whether plaintiff should be promoted to a GS-13. In essence, plaintiff's request for a promotion to a GS-13 position would require the Court to decide issues of personnel qualification which are outside this Court's jurisdiction. As established above with regard to plaintiff's GS-12 claim, his exclusive remedy for his GS-13 claim is provided by the CSRA. Fausto, 484 U.S. at 455; see also Bunch, 33 Fed. Cl. at 341.

III. The Court Also Lacks Jurisdiction Over Plaintiff's First Amended Complaint

Plaintiff's first amended complaint does not change the fact that this Court lacks jurisdiction over plaintiff's claims. In his amended complaint, plaintiff simply adds that he is seeking to enforce the EEOC's decision pursuant to "5 CFR § 550.805, and 29 CFR §§ 1614.501 - 505." Amend. Complaint, ¶¶ 1, 2, 6, 11, 12, 13, 14, and prayer. But these regulations do not provide this Court with jurisdiction over plaintiff's claims. As we have demonstrated above, this Court lacks jurisdiction to enforce EEOC decisions because exclusive jurisdiction over those claims rests with the district court. See, e.g., Taylor, 73 Fed. Cl. at 540.

CONCLUSION

For the reasons stated above, as well as those contained in our motion to dismiss and our reply brief, we respectfully request that this Court grant defendant's motion and dismiss Mr. Taylor's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington D.C. 20530
Tele: (202) 307-0315

Attorneys for Defendant

September 13, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY TO THE DEFENDANT'S REPLY TO THE PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

s/ Robert C. Bigler