# In the United States Court of Federal Claims

**No. 07-230C**
**Filed: February 1, 2008**

| | | |
|---|---|---|
| **HUMPHREY A. TAYLOR,** **Plaintiff,** v. **UNITED STATES,** **Defendant.** | * | **Back Pay Act; Civil Rights Claims; Enforcement of Equal Employment Opportunity Commission Decision; Title VII, 42 U.S.C. § 2000e et seq.; Tucker Act; Motion to Dismiss for Lack of Subject Matter Jurisdiction.** |

**LORENZO W. TIJERINA**, San Antonio, TX, for the plaintiff.

**ROBERT C. BIGLER**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were **JEANNE E. DAVIDSON**, Director, Commercial Litigation Branch, and **MARTIN F. HOCKEY**, Assistant Director.

## O P I N I O N

**HORN, J.**

This matter comes before the court on the government's motion to dismiss plaintiff Humphrey Taylor's complaint. Plaintiff requests that this court award him back pay and interest in the amount of "not less than" $94,366.00, retirement benefits, and attorney's fees, and also order that he be promoted to a GS-12 position, pursuant to a July 15, 2004 Equal Employment Opportunity Commission (EEOC or Commission), Administrative Judge's decision (Humphrey A. Taylor v. Thomas J. Ridge, Secretary of the Department of Homeland Security, EEOC No. 140-2003-08401, Agency No. I-02-H026). The government states that this court lacks jurisdiction pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Defendant argues that "this Court lacks jurisdiction to enforce EEOC decisions." For the reasons discussed

below, the court dismisses plaintiff's complaint pursuant to RCFC 12(b)(1), for lack of subject matter jurisdiction.

## FINDINGS OF FACT

In his complaint filed with the court, plaintiff states that he is currently an employee of the Department of Homeland Security (DHS). According to the plaintiff, he filed a complaint with the EEOC, which was heard on June 25, 2004 by an Administrative Judge. Plaintiff alleges that DHS discriminated against him on the basis of race (Hispanic) and religion (Baptist) when he was not selected for the position of Supervisory Border Patrol Agent at the GS-12 level. At the time, plaintiff was employed as a Senior Border Patrol Agent in El Paso, Texas at the GS-11 level. On July 15, 2004, in an opinion attached to plaintiff's complaint, the EEOC Administrative Judge found discrimination and issued a decision awarding plaintiff damages in the amount of $35,000.00 and back pay with interest. The decision stated that the Agency owes plaintiff "back pay with interest and other benefits due Complainant for the period from June 3, 2001...." The administrative decision also ordered DHS to appoint plaintiff to a "Supervisory Border Patrol Agent, GS-1896-12, position in Charleston, South Carolina, or other location agreeable to the Complainant, retroactive to June 3, 2001, with relocation expenses."

The Administrative Judge's decision was appealed to the EEOC's Office of Federal Operations (OFO). In an opinion, also attached to plaintiff's complaint, on May 31, 2006, the Administrative Judge's decision was determined to be the agency's final action and the Commission, through the Director of the OFO, affirmed the administrative decision and awarded attorney's fees.

The OFO order stated, in pertinent part:

* * *

> If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. § 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the

complaint, including any petition for enforcement, will be terminated. See 29 C.F.R. § 1614.409.

* * *

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that your receive this decision. In the alternative, you may file a civil action after one hundred and eighty (180) calendar days of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as a defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. Filing a civil action will terminate the administrative processing of your complaint.

According to plaintiff's amended complaint, on November 18, 2006, plaintiff's attorney sent a letter to the EEOC and DHS, stating that defendant had failed to comply with the Administrative Judge's order and demanding that the defendant do so. In February, 2007, plaintiff states the DHS paid the plaintiff compensatory damages in the amount of $35,000.00. Plaintiff alleges, however, that he has not received the back pay with interest, or his promotion to a Supervisory Border Patrol Agent, which also was provided for in the Administrative Judge's decision.[1] On April 9, 2007, plaintiff filed his original complaint in this court seeking to enforce the EEOC decision, and alleging that this court has jurisdiction over his claims pursuant to 28 U.S.C. § 1507 (2000). On July 20, 2007, plaintiff filed an amended complaint, alleging that this court has jurisdiction over the claim pursuant to the Tucker Act, 28 U.S.C. § 1491 (2000), 5 C.F.R. § 550.805 (2004) and 29 C.F.R. §§ 1614.501.505 (2004), no longer citing 28 U.S.C. § 1507.

[1] In his original complaint and in his response to defendant's motion to dismiss, plaintiff requests promotion to a GS-12 position. However, in his first amended complaint, plaintiff now appears to claim that the GS-12 position that he should have been appointed to has been upgraded to a GS-13 position.

## DISCUSSION

Defendant responds to plaintiff's complaint by bringing a motion to dismiss plaintiff's claims pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) and RCFC 12(b)(6), arguing that "[t]his Court lacks jurisdiction to enforce EEOC decisions." In response, plaintiff admits that his initial complaint invoked an incorrect jurisdictional basis. He also argues that the claims before this court in his amended complaint are not issues of discrimination, but of monetary damages, and cites to different jurisdictional statutes to claim monies due him, which he argues have already been awarded and need to be collected.

"Subject matter jurisdiction may be challenged at any time by the parties, or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); Fanning, Phillips, Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998) (quoting Booth v. United States, 990 F.2d 617, 620 (Fed. Cir.), reh'g denied (1993)); United States v. Newport News Shipbuilding and Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991); North Star Alaska Hous. Corp. v. United States, 76 Fed. Cl. 158, 185 (2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990)); see also View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

Pursuant to Rule 8(a)(1) of the United States Court of Federal Claims (RCFC) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." RCFC 8(a)(1); Fed. R. Civ. P. 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.), reh'g denied (1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)); see also Edelmann v. United States, 76 Fed. Cl. 376 (2007). However, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss.").

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-38 (Fed. Cir. 2006); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003); Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002); Commonwealth Edison Co. v. United States, 271 F.3d 1327, 1338 (Fed. Cir. 2001) (quoting New Valley Corp. v. United States, 119 F.3d 1576, 1580 (Fed. Cir. 1997)), cert. denied, 535 U.S. 1096 (2002); Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000); Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998); Highland Falls-Fort Montgomery Cent. School Dist. v. United States, 48 F.3d 1166, 1167 (Fed. Cir. 1995) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)), cert. denied, 516 U.S. 820 (1995); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989); Ho v. United States, 49 Fed. Cl. 96, 100 (2001), aff'd, 30 Fed. Appx. 964 (Fed. Cir. 2002); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996) (table).

For the reasons discussed below, this court finds that it lacks jurisdiction over plaintiff's claims for back pay, interest, and promotion to GS-12, and dismisses the claims pursuant to RCFC 12(b)(1) because plaintiff has not brought an action under a valid money-mandating statute that would give this court jurisdiction pursuant to the Tucker Act. In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act, 28 U.S.C. § 1491(a)(1), requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. The Tucker Act states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Testan, 424 U.S. 392, 400, reh'g denied, 425 U.S. 957 (1976) (citing Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-06, 372 F.2d 1002, 1009 (1967)); see also Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); Stinson, Lyons & Bustamante, P.A. v. United States, 33 Fed. Cl. 474, 478 (1995), aff'd, 79 F.3d 136 (Fed. Cir. 1996).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Eastport Steamship Corp. v. United States, 178 Ct. Cl. at 605, 372 F.2d at 1007. To prove that a statute or regulation is money mandating, plaintiff must demonstrate that the source of substantive law "relied upon can fairly be interpreted as mandating compensation by the federal government for the damage sustained." United States v. Mitchell, 463 U.S. at 216-17 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); Hamlet v. United States, 63 F.3d 1097, 1107 (Fed. Cir. 1995). "Additionally, the specific authority granting money relief must be distinct from [the] Tucker Act itself." Cottrell v. United States, 42 Fed. Cl. 144, 152 (1998). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal -- the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005); see also Doe v. United States, 74 Fed. Cl. 794, 796 (2006).

In his initial complaint, plaintiff cited to 28 U.S.C. § 1507 (2000) as the basis for this court's jurisdiction. Section 1507 gives the United States Court of Federal Claims jurisdiction over suits filed pursuant to section 7428 of the Internal Revenue Code of 1986. This section of the tax code relates to the initial and continuing classification for tax purposes of section 501(c)(3) organizations, private foundations, and private operating foundations. Plaintiff's claim to enforce an EEOC judgment, however, in no way concerns the Internal Revenue Code. Plaintiff's counsel acknowledged as much in his response to defendant's motion to dismiss, stating that the "initial complaint inadvertently invoked the wrong basis for the Court's jurisdiction."

In his amended complaint, plaintiff cites 5 C.F.R. § 550.805 and 29 C.F.R. §§ 1614.501-.505, claiming that they constitute money-mandating regulations, and give this court jurisdiction pursuant to the Tucker Act. With respect to plaintiff's citation to 5 C.F.R. § 550.805, titled "Back pay computations," this regulation is an implementing regulation for the Back Pay Act, 5 U.S.C. § 5596 (2000), and provides the method for calculating damages when a corrective action is ordered, but does not create an independent cause of action. "Rather, it [the Back Pay Act] authorizes the payment of back pay to any employee who is found by an appropriate authority under applicable law to have suffered an unwarranted personnel action, and describes the manner in which the back pay shall be calculated." Smith v. Brady, 744 F. Supp. 925, 927 (N.D. Cal. 1990).

Any reliance plaintiff places on the Back Pay Act or its implementing regulations as an independent jurisdictional basis for an action in this court is unfounded. "[T]he Back Pay Act is merely derivative in application; it is not itself a jurisdictional statute." United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (quotations omitted). Unless some other provision of law commands payment of money to the employee for the unjustified or unwarranted personnel

action, 'the Back Pay Act is inapplicable.' Ibid." Spagnola v. Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984); see also Taylor v. United States, 73 Fed. Cl. 532, 540 n.14 (2006); Ainslie v. United States, 55 Fed. Cl. 103, 105 (2003); Dixon v. United States, 17 Cl. Ct. 73, 77 (1989) ("The Back Pay Act . . . is money mandating only when a plaintiff's claim is based on violation of regulations covered by the Tucker Act.") (quoting Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999)).

Thus, in order for this court to assert jurisdiction over a claim utilizing the Back Pay Act, the plaintiff must establish an independent ground for entitlement to money damages based on an unwarranted personnel action that violated a statute or regulation covered by the Tucker Act. Jones v. United States, 17 Cl. Ct. 78, 82-83 (1989). The Back Pay Act's implementing regulation, 5 C.F.R. § 550.805, cannot fulfill this purpose. As stated in Dixon v. United States:

> Although the back pay regulations provide the method for calculating possible back pay in the appropriate case, neither the Back Pay Act nor its implementing regulations provide the authority for payment of back pay in discrimination cases. The authority for awarding back pay in discrimination cases derives solely from the discrimination statutes themselves, and the corresponding regulatory provision, 29 C.F.R. § 1613.271 (1988), over which this court [Court of Federal Claims] lacks jurisdiction to grant the plaintiff his requested relief. This jurisdictional barrier affects this court's subject matter jurisdiction with respect to the entire case, including the back pay issues.

Dixon v. United States, 17 Cl. Ct. at 78.

The authority to award damages under the Back Pay Act in Mr. Taylor's case derives solely from Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (2000), as validated in his particular case by an EEOC judgment awarding plaintiff damages. "In fact, Title VII 'provides the exclusive judicial remedy for claims of discrimination in federal employment,' Brown [v. General Services Administration], 425 U.S. 820, 835 [(1976)] . . . . Title VII provides for jurisdiction in the United States district courts, but not in the United States Court of Federal Claims, 42 U.S.C. § 2000e-5(f)(3)." Taylor v. United States, 73 Fed. Cl. 532, 540 (2006) (citing 42 U.S.C. § 2000e-5(f)(3)); see also Jones v. United States, 17 Cl. Ct. 78, 83 (1989). Thus, 5 C.F.R. § 550.805 cannot serve as a basis for jurisdiction in the United States Court of Federal Claims, which is not the proper forum to enforce an EEOC decision.

Plaintiff's citation to 29 C.F.R. §§ 1614.501-.505, also is misplaced. The regulations at 29 C.F.R. § 606.101, et seq., address the activities of the EEOC. The regulations at 29 C.F.R. §§ 1614.501.-505 address remedies and enforcement of EEOC discrimination claims decisions, and do not confer jurisdiction on this court. Specifically, 29 C.F.R. § 1614.503 addresses

enforcement of final Commission decisions, and specifically refers to a complainant's right to file a civil action for enforcement of the decision pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act, 29 U.S.C. 633a (2000), the Equal Pay Act, 29 U.S.C. § 206(d) (2000), or the Rehabilitation Act, 29 U.S.C. § 791 (2000), and to seek judicial review of an agency's refusal to implement the ordered relief pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, et seq. (2000), and the Mandamus Statute, 28 U.S.C. § 1361 (2000), or to commence proceedings pursuant to the appropriate statutes. See 29 C.F.R. § 1614.503(g). These are not claims which can be pursued in this court.

With Title VII, Congress established administrative and judicial avenues of relief for federal employees to pursue discrimination claims, but not in this court. See Lee v. United States, 33 Fed. Cl. 374, 378 (1995); Dixon v. United States, 17 Cl. Ct. at 77. Title VII "is the comprehensive, exclusive and pre-emptive remedy for federal employees alleging discrimination." Lee v. United states, 33 Fed. Cl. at 378 (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 829 (1976); Montalvo v. United States, 17 Cl. Ct. 744, 748 (1989); and Fausto v. United States, 16 Cl. Ct. 750, 753 (1989)). "The presence of a comprehensive, precisely-drawn statutory scheme providing for judicial review in another forum will pre-empt Tucker Act jurisdiction in this Court." Lee v. United states, 33 Fed. Cl. at 378; see also Taylor v. United States, 73 Fed. Cl. at 541 (quoting St. Vincent's Med. Ctr. v. United States, 32 F.3d 548, 549-50 (Fed. Cir. 1994) ("Tucker Act jurisdiction is preempted 'where Congress has enacted a precisely drawn, comprehensive and detailed scheme of review in another forum . . . .'"). In sum, Congress never intended for the United States Court of Federal Claims to have jurisdiction over claims brought under Title VII, and it is well settled that this court lacks jurisdiction to entertain actions brought under the statute. See Lee v. United States, 33 Fed. Cl. at 378; Dixon v. United States, 17 Cl. Ct. at 77 (citing 42 U.S.C. § 2000e-16 (1982) and Clark v. United States, 212 Ct. Cl. 590, 553 F.2d 104 (1977) (citing Brown v. Gen. Servs. Admin., 425 U.S. 820 (1976)), cert. denied, 434 U.S. 839 (1977))); see also Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws."); Phillips v. United States, 77 Fed. Cl. 513, 519 (2007).

In the case currently before this court, plaintiff sought resolution of a discrimination claim through the Title VII administrative process, ultimately prevailing. In Dixon v. United States, the plaintiff sought resolution of claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1982) (sex, race, color, religion, and natural origin), the Age Discrimination in Employment Act, 29 U.S.C. § 633a (1982) (age), the Rehabilitation Act of 1973, 29 U.S.C. § 791 (1982) (handicap). The Dixon court found that: "[O]nce it is appropriate to proceed to court, the court that has jurisdiction is the appropriate United States District Court, not the United States Claims Court." Dixon v. United States, 17 Cl. Ct. at 77; see also Hanes v. United States, 44 Fed. Cl. 441, 449 (1999);

Blassingame v. United States, 33 Fed. Cl. 504, 505, aff'd, 73 F.3d 379 (Fed. Cir. 1995), cert. denied, 517 U.S. 1237 (1996).

Therefore, this court finds that the various statutes and regulations cited by plaintiff in his original and amended complaints cannot serve as a basis for jurisdiction in this court. Because plaintiff's action arises under Title VII, 42 U.S.C. § 2000e, et seq., requests enforcement of an EEOC decision, and there is no other statutory basis for jurisdiction in this court, the court dismisses plaintiff's complaint pursuant to RCFC 12(b)(1), for lack of subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, plaintiff's complaint is **DISMISSED**, with prejudice. The clerk's office shall enter **JUDGMENT** consistent with this order.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**